UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-21079-CIV-MORENO

GEORGI STANKOV,

    Plaintiff,

vs.

PRINCESS CRUISE LINES, LTD., d/b/a
PRINCESS CRUISES, a foreign corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon the Defendant's Motion to Compel Arbitration **(D.E. No. 3)**, filed on **March 19, 2012**. The Court notes that Plaintiff has not responded to the motion and the time for doing so has now passed.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. The Plaintiff's failure to respond to the motion is deemed sufficient cause for granting the motion by default. *See* S.D. Fla. L.R. 7.1(c). Putting aside the Plaintiff's failure to respond to the motion to compel arbitration, there is a strong federal policy favoring arbitration and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Moreover, in cases such as this, where an employee of the cruise line signed an employment agreement to arbitrate all claims, the Court must conduct "a very limited inquiry" in deciding whether to compel arbitration under the Convention on the Recognition and Enforcement of Foreign

Arbitral Awards, codified at 9 U.S.C. § 206. *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005). In this case, the Court finds that arbitration is appropriate. It is also

**ADJUDGED** that the Clerk of Court shall mark this case closed and all pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of April, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record